PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 10/18/96**

TENTH CIRCUIT

CATHERINE L. WITHIAM,

      Plaintiff-Appellee,

v.

BAPTIST HEALTH CARE OF            No. 95-6265
OKLAHOMA, INC.; ROLAND GEE,

      Defendants-Appellants,

      and

LOGAN HOSPITAL AND MEDICAL
CENTER AUTHORITY; JOEL TATE;
KENNY DAVIS,

      Defendants.

_____

CATHERINE L. WITHIAM,

      Plaintiff-Appellee,           No. 95-6313

v.

BAPTIST HEALTH CARE OF
OKLAHOMA, INC.; LOGAN
HOSPITAL AND MEDICAL
CENTER AUTHORITY; ROLAND
GEE; KENNY DAVIS,

      Defendants,

-2-

and

JOEL TATE,

        Defendant-Appellant.

_____

CATHERINE L. WITHIAM,

        Plaintiff-Appellee,

v.

BAPTIST HEALTH CARE OF
OKLAHOMA, INC.; ROLAND GEE,

        Defendants-Appellants,

    and

LOGAN HOSPITAL AND MEDICAL
CENTER AUTHORITY; JOEL TATE;
KENNY DAVIS,

        Defendants.

No. 95-6440

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-94-892-W)

Submitted on the briefs:

David L. Kearney, Gable & Gotwals, Edmond, Oklahoma, for Plaintiff-Appellee.

Jack S. Dawson, James A. Scimeca, and Leslie L. Lynch, Miller, Dollarhide, Dawson, & Shaw, Oklahoma City, Oklahoma, for Defendants-Appellants.

---

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

MURPHY, Circuit Judge.

---

Plaintiff's civil rights claims were premised on an alleged retaliatory termination by her employer, a hospital management company. The primary question presented is whether an employee's public endorsement of a particular company to manage a public hospital constitutes speech entitled to First Amendment protection. The speech in question is not of sufficient public concern to warrant such protection as the premise of a retaliatory termination claim under 42 U.S.C. § 1983.

These three appeals arise out of the same facts.[1] Plaintiff Catherine L. Withiam was employed from 1972 until mid-1993 by a state public-trust hospital,

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

now known as Logan Hospital and Medical Center. At the time of her discharge, plaintiff had been Director of Personnel Services for fifteen years. The hospital was managed by Quorum Healthcare Resources, Inc. until 1992, when the Logan Hospital and Medical Center Authority, through its Board of Trustees, changed management companies. On July 23, 1992, the Authority scheduled a meeting of the trustees to discuss the change, which at that time was a mere proposal. At this meeting, plaintiff and ten other hospital managers presented a signed resolution which stated:

> On behalf of the managers listed below, representing their respective departments, let it be resolved that we the undersigned voice our opinion in approval of retaining the current management contract with Quorum Health Care Resources, Inc.
>
> We have signed this document freely and at our own will to provide the Board of Trustees of Logan Hospital and Medical Center, our input for the future growth and stability of the hospital.
>
> Dated this July 22, 1992.

3 Appellants' App. (Nos. 95-6265, 95-6313) at 895.

The Authority decided to contract instead with defendant Baptist Healthcare of Oklahoma, Inc. (BHO) to manage the hospital. BHO named defendant Joel Tate interim administrator; he served for approximately ninety days. Defendant Roland Gee took over as administrator on October 1, 1992, and Mr. Tate left shortly thereafter. Mr. Gee terminated plaintiff in July 1993.

Plaintiff sued several defendants on a number of theories, but only two claims went to trial: retaliatory termination for exercising her First Amendment right to free speech in violation of 42 U.S.C. § 1983 and Oklahoma public policy. While defendants asserted that the termination resulted from a reduction in force, a jury found in favor of plaintiff and against defendants BHO and Gee on both claims and awarded plaintiff compensatory damages of $226,279.49. The jury also awarded punitive damages of $25,000 against BHO and $1.00 against Gee. The district court awarded plaintiff her attorney's fees. The jury found against plaintiff on her claims against defendant Tate. The district court denied Tate's subsequent motion for attorney's fees. This court has jurisdiction over all three appeals under 28 U.S.C. § 1291.

**No. 95-6265**

In No. 95-6265, defendants BHO and Gee argue that: (1) plaintiff's acts of signing and presenting the resolution to the hospital trustees are not protected speech under the First Amendment; (2) they are not state actors for the purposes of § 1983; (3) *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989) has not been expanded to include a public policy exception to employment-at-will on the basis of protected speech; and (4) the district court erred in allowing the jury to award punitive damages. Resolution of the first of these issues is dispositive.

Supreme Court cases establish the decisional framework. First, the employee must show that her speech involves a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 146-47 (1983). Second, if the employee's expression meets this threshold requirement, the employee must then show that her interest in the particular expression outweighs the employer's interest in efficiently performing its public service. *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968). Third, the employee must demonstrate that her speech was a substantial or motivating factor in the employer's adverse employment action. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Plaintiff's expression of support for management in the resolution fails to meet the threshold requirement of constituting a matter of sufficient public concern to warrant First Amendment protection. Speech involves a matter of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community." *Connick*, 461 U.S. at 146. It is not enough that the subject matter be of public concern; the content of the expression must also be of public concern. *Wilson v. City of Littleton*, 732 F.2d 765, 769 (10th Cir. 1984). The content is the "crux of the public concern content inquiry." *Wren v. Spurlock*, 798 F.2d 1313, 1317 n.1 (10th Cir. 1986), *cert. denied*, 479 U.S. 1085 (1987). General public interest is not the equivalent of public concern for First Amendment purposes. *Koch v. City of Hutchinson*, 847

F.2d 1436, 1445 (10th Cir. 1988). To be protected speech, the expression must "*sufficiently inform the issue* as to be helpful to the public in evaluating the conduct of government." *Wilson*, 732 F.2d at 768.

The resolution plaintiff and the other managers signed and presented to the hospital's trustees expressed nothing more than the bare opinion that the then-current management company should be retained. The resolution offered no reasons or explanation at all for the opinion it expressed. Although the resolution was presented at a trustees' meeting, it simply offered nothing at all to inform the public about the management of the hospital. It was neither an exposé of government ineptitude, waste or corruption nor a recitation of reasons, arguments or facts supporting retention of contract management. The resolution was but a bald, unadorned and nonspecific endorsement. As such, it did not involve a matter of public concern warranting First Amendment protection.

Because the resolution is undeserving of First Amendment protection, we reverse the judgment based on the jury verdict. Plaintiff's failure to present evidence of any protected expression also undermines the very premise of her Oklahoma public policy claim. It is therefore unnecessary to decide whether defendants BHO and Gee are state actors for purposes of § 1983, or whether they are liable for punitive damages.

**No. 95-6440**

In No. 95-6440, defendants BHO and Gee appeal from the district court's award under 42 U.S.C. § 1988 of attorney's fees to plaintiff as the prevailing party on her claims against them. 3 Appellants' App. at 894. Because we reverse on the merits of plaintiff's claims, we also reverse the award of attorney's fees to plaintiff.

**No. 95-6313**

In No. 95-6313, defendant Joel Tate contends the district court abused its discretion in denying his motion for attorney's fees under 42 U.S.C. § 1988(b) after he successfully defended plaintiff's claims against him. We review the denial of a request for attorney's fees under § 1988 for abuse of discretion. *Operating Eng'rs Local Union No. 3 v. Bohn*, 737 F.2d 860, 863 (10th Cir. 1984). "Underlying findings are reviewed under the clearly erroneous standard, while the district court's statutory interpretation and legal analysis are subject to de novo review." *Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir. 1994).

Under § 1988(b), the district court may award fees only if plaintiff's claims were "'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Figures v. Board of Pub. Utils.*, 967 F.2d 357, 362 (10th Cir. 1992) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421

(1978)). Without making any specific factual findings, the district court concluded that plaintiff's claims against defendant were not frivolous, unreasonable, or without foundation. 3 Appellants' App. (Nos. 95-6265, 95-6313) at 827-28.

Tate argues in his Brief that it is Withiam's failure to present evidence showing Tate was causally connected to her termination[2] which made Withiam's claim frivolous, unreasonable, or without foundation. So far as this court is able to discern, however, Tate never presented that argument to the district court.

Based upon the record provided us,[3] the only defense motions which specifically referenced Tate as a defendant were his motion to dismiss plaintiff's amended complaint and his motion for attorney's fees. Tate's motion to dismiss plaintiff's amended complaint addressed jurisdictional and state actor issues common to all defendants. 1 Appellants' App. (Nos. 95-6265, 95-6313) at 72-75. Tate's motion for attorney's fees simply argued that he was entitled to fees and costs under § 1988(b) because he was the prevailing party. 3 Appellants' App. (Nos. 95-6265, 95-6313) at 767-801. The other motions presented by the defendants again dealt only with issues common to all defendants. None of the

---

[2]Tate ended his employment at the hospital approximately nine months before Withiam was terminated.

[3]Tate's motion for directed verdict was not submitted as part of the record.

-10-

defense motions made specific mention of the argument that Withiam failed to present any evidence showing Tate was causally connected to her termination.

In sum, as reflected in the record presented to this court, Tate never argued to the district court that Withiam's claim was frivolous, unreasonable, or without foundation based on a failure of proof of causation.[4] Thus, because that argument was never made below, this court cannot find the district court abused its discretion in denying fees on that ground. *Walker v. Mather* (*In re* Walker), 959 F.2d 894, 896 (10th Cir. 1992). We therefore affirm the district court's conclusion that Tate is not entitled to an award of attorney's fees.

## CONCLUSION

In No. 95-6313, the judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**. In Nos. 95-6265 and 95-6440, the judgment is **REVERSED**.

---

[4]In fact, as indicated above, Tate never argued that Withiam's case was frivolous, unreasonable, or without foundation for any reason. Instead, he simply asserted that he was entitled to his fees as a prevailing party.

-11-