**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1997**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

MELVIN BOWMAN,

        Plaintiff - Appellant,

v.

KAY SIEFIED, JOHN RILEY, RICHARD MURRAY, ROBERTA MELTON, HAL VAN DRUFF, PHIL DENIG, RENE MURPHY, TOM O'BRIEN, and ROBERT FURLONG,

        Defendants - Appellees.

No. 97-1071

(D. Colorado)

(D.C. No. 96-S-2466)

### ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Melvin Bowman is currently an inmate at the Arrowhead Correctional Facility in Canon City, Colorado. Acting pro se, he filed this 42 U.S.C. § 1983 action, alleging (1) that the defendants conspired to deprive him of a constitutionally protected liberty interest in his prison employment without due process of law, and (2) that the defendants denied him equal protection of the law. The district court dismissed Bowman's complaint sua sponte, finding it was frivolous and failed to state a claim upon which relief may be granted. This appeal ensued.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss sua sponte an in forma pauperis action as frivolous or as failing to state a claim upon which relief may be granted. Whitney v. New Mexico, 113 F.3d 1170, 1172-73 (10th Cir. 1997). Such dismissal is appropriate "if the plaintiff cannot make a rational argument on the law and facts" in support of his claim, or if it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing an opportunity to amend would be futile. Id. (citations and quotations omitted). We review a district court's dismissal of a complaint under § 1915(e)(2)(B) for an abuse of discretion. See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997).

Bowman's due process claim relates to the loss of his employment in a prison garment factory after prison officials alleged that he had stolen a clothing

label. As the district court correctly determined, this claim is meritless because state prisoners do not have a constitutionally protected liberty interest in prison employment, regardless of any statutes or prison regulations entitling prisoners to work. Penrod v. Zavaras, 94 F.3d 1399, 1407 (10th Cir. 1996).

Bowman's exceedingly vague equal protection claim is based solely on the assertion in his complaint that he "was discriminated against when [he] was given an '0' Monthly Evaluation after his termination. When in fact he had received a 3.83 Monthly Evaluation for the pass [sic] 13 months." Complaint at 3. Read liberally, these conclusory allegations simply do not make any rational argument on the law and facts supporting an equal protection claim.[1]

Accordingly, for the foregoing reasons, as well as for those ably set forth in the district court's order, we DISMISS Bowman's appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B), and note that it shall count as a "prior occasion[]" under § 1915(g).

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]On appeal, Bowman for the first time alleges that prison officials treated him differently because he is black. Appellant's Br. at 5. In determining whether the district court abused its discretion, we will not consider issues or arguments on appeal that were not before the district court. Withiam v. Baptist Health Care of Oklahoma, Inc., 98 F.3d 581, 584 (10th Cir. 1996).

-3-