MEMORANDUM AND ORDER
CROW, Senior District Judge.
On December 2, 1996, Alex J. Sanner commenced this pro se action against the United States government.[1] Sanner’s com *1328 plaint was filed in forma pauperis. Despite the fact that he is apparently alive, in his complaint Sanner claims that “an eastern terrorist John Doe may have killed me Alex J. Sanner.” Sanner’s complaint goes on to allege that he was in the path of persons blowing up a building in South Wichita and that “I saw McVeigh there to.” As relief for these claims, Sanner indicates that he “would like my right to testify against them and play my own parts in the movie. I would like punitive damages awarded to me.”[2] In another claim, Sanner indicates that “if another terrorist comes around I will blow his head off.” The complaint goes on to suggest that “John Doe McVeigh obvious (sic) tried to kill me on Waco & Broadway Street in south Wichita on their way to Oklahoma.” Sanner suggests that he has reason to believe that the “Clintons” “had Arkansas Highway development paper work plans in that building and the money disappeared (sic) the building went boom.”
This case comes before the court upon its own motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]
Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss sua sponte an in forma pauperis action as frivolous or as fading to state a claim upon which relief may be granted. Whitney v. New Mexico, 113 F.3d 1170, 1172-73 (10th Cir.1997). Such dismissal is appropriate “if the plaintiff cannot make a rational argument on the law and facts” in support of his claim, or if it is “patently obvious” that the plaintiff could not prevail on the facts alleged, and allowing an opportunity to amend would be futile. Id. (citations and quotations omitted).
Bowman v. Siefied, No. 97-1071, 1997 WL 397188, *1 (10th Cir. July 14, 1997) (unpublished).
In analyzing the plaintiffs complaint, the court has taken into consideration the fact that he appears pro se. “A pro se litigant’s pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.” Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). “At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.” Id.
The court believes that there is no logical construction of Sanner’s complaint from which to divine a cognizable claim against the United States government. Sanner does not have a constitutional right to testify against known or unknown “terrorists,” nor would the United States be the proper defendant for any of Sanner’s other “claims.” Sanner’s demand that he be cast in his own role in “the movie” is not a claim upon which relief could be granted against the United States. Sanner’s other incoherent ramblings and implicit suggestions of high level conspiracies are too conclusory or oblique to state a cognizable claim. The court also finds that any attempt to amend the complaint would be futile.
IT IS THEREFORE ORDERED that Sanner’s complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as failing to state a claim upon which relief may be granted.

. The caption to Sanner's complaint actually lists the United States government as the plaintiff and himself as the defendant. From the body of his complaint it is clear that Sanner, not the United States government, has initiated this lawsuit. The court has realigned the caption to correctly reflect the actual status of the parties.

. Absent a waiver of sovereign immunity, Sanner cannot recover punitive damages from the United States. See Kasprik v. United States, 87 F.3d 462, 464 (11th Cir.1996) ("The United States cannot be sued for punitive damages unless Congress explicitly authorizes such liability.”) (citing Missouri Pacific Railroad Co. v. Ault, 256 U.S. 554, 41 S.Ct. 593, 65 L.Ed. 1087 (1921)).

. On April 26, 1996, the Prison Litigation Reform Act of 1996 ("the Act”), Pub.L. No. 104-134, 110 Stat. 1321, was signed into law. Under the Act, section 1915(d) was redesignated section 1915(e). See McCormick v. Stalder, 105 F.3d 1059, 1060 (5th Cir.1997) (28 U.S.C. § 1915(d) is now redesignated as § 1915(e)(2)(B)(i) by § 804 of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)).