IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 99-40034

———————

KEVIN UNDERWOOD,

Plaintiff-Appellant,

v.

ASA O. JEFFCOAT, Individually and in official capacity;
ROBERT HERRERA,Individually and in official capacity,

Defendants-Appellees.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
(6:98-CV-600)

————————————————————

October 13, 1999

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Kevin Underwood ("Underwood") appeals the district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 claim as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). We affirm.

## I. Factual and Procedural Background

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Underwood is incarcerated at the Texas Department of Criminal Justice ("TDCJ") facility in Tennessee Colony, Texas. For medical reasons, Underwood cannot perform jobs that involve repetitive use of his hands. Nevertheless, at some point, presumably in the Fall of 1996, he was assigned to a work detail involving the repetitive use of his hands. Underwood filed a grievance complaining about the assignment.

In a disciplinary hearing held on October 7, 1996, appellee Asa O. Jeffcoat ("Jeffcoat") found Underwood guilty, allegedly on the basis of no evidence, of failing to appear for a work assignment without a legitimate reason. As punishment, Underwood was demoted in class status and subject to a 15 day cell restriction.

The following day, in another disciplinary hearing, Jeffcoat again found Underwood guilty of the same offense, allegedly on the basis of the same dearth of evidence. This time, Underwood's class status sank to the lowest rank possible. He was also sentenced to 30 days loss of privileges, which entailed 30 days cell restriction (essentially solitary confinement), 30 days loss of property and 30 days restrictions on use of the commissary.

That same day, October 8, 1996, Underwood filed his appeal. Appellee Assistant Warden Robert Herrera ("Herrera") denied the

appeal because he found that sufficient evidence supported the conviction.

On December 4, 1996, Herrera issued a response to

2

Underwood's grievance, filed after his assignment to the improper job detail. In the response, Herrera conceded that the job assignment had been improper and agreed to change it. Herrera refused, however, to overturn the convictions for disciplinary violations.

On or about July 28, 1998, and almost a month after Underwood spoke personally with the Deputy Director of Support Services and the Regional Director, the disciplinary convictions were expunged from Underwood's record. His good time credits were fully restored, though his class status was only partially reinstated.

On September 30, 1998, Underwood filed this action. He is proceeding pro se and in forma pauperis (IFP). He claims that Jeffcoat and Herrera violated his procedural due process rights in violation of 42 U.S.C. § 1983; he also asserted state law claims. He prayed for compensatory damages for "personal humiliation and mental anguish," as well as for a declaratory judgment, punitive damages, equitable relief, attorneys' fees and costs and an injunction fully restoring his class status.

The district court adopted the magistrate's initial report and recommendation and dismissed Underwood's state law claims as frivolous and for failure to state a claim. The district court denied Underwood's motion to amend his complaint to remove the state law claims, and Underwood proceeded on his federal law claims.

The district court ultimately disposed of the case when it

3

adopted the magistrate's second supplemental report and recommendation and dismissed the federal law claims as frivolous and for failure to state a claim.  Following the magistrate's reasoning, the district court held that, under 42 U.S.C. § 1997e(e), Underwood could not bring a due process claim and recover for mental anguish or emotional distress without an allegation of prior physical injury.

The district court further denied Underwood's request to alter the judgment and to permit him to amend his complaint. Underwood sought to remove allegations of being deprived of eligibility for mandatory supervision, and to change his claim for compensatory damages for personal injury to one of compensatory damages for punishment wrongfully imposed.

Underwood timely filed his appeal.

## II.    Standard of Review

If an IFP claim lacks an arguable basis in law or fact, the district court may dismiss it as frivolous.  28 U.S.C. § 1915(e)(2)(B)(I); see also Denton v. Hernandez, 504 U.S. 25 (1992); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). "A complaint lacks an arguable basis in law or fact if it is 'based on an indisputably meritless legal theory,' such as if the complaint alleges the violation of a legal interest which clearly does not exist."  McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

We review a district court's decision to dismiss for failure

4

to state a claim pursuant to § 1915(e)(2)(B)(ii) <u>de</u> <u>novo</u>, as we would any dismissal under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Ruiz v. United States</u>, 160 F.3d 273, 274 (5th Cir. 1998).  Of course, we must assume the truth of all of the plaintiff's factual allegations, and we may uphold the lower court "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."  <u>Moore v. Carwell</u>, 168 F.3d 234, 236 (5th Cir. 1999) (quoting <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 160 (5th Cir. 1995)).

### III.    Procedural Due Process Claim

As a preliminary procedural matter, we must determine whether a § 1983 suit is the proper vehicle for Underwood's claim.  Pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), a prisoner cannot bring an action under § 1983 if "a judgment in [his] favor . . . would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence had been overturned on appeal or otherwise invalidated.  In <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997), the Court extended the <u>Heck</u> rule to a prisoner attacking a disciplinary proceeding that resulted in the loss of good time credits; <u>see</u> <u>also</u> <u>Clark v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) ("A prisoner . . . cannot bring a § 1983 action seeking damages . . . based on a 'conviction' until that 'conviction' has been . . . expunged . . . if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction[.]'").

5

Here, Underwood's two convictions for failing to appear for work without a legitimate reason have both been expunged. Therefore, he need not exhaust his state remedies and bring a habeas action; a § 1983 suit is the proper vehicle for his complaint.

Having surmounted the procedural bar to his due process claim, however, Underwood stumbles across the substantive obstacle: he has no protected liberty or property interest at stake. It is axiomatic that the protections of the Due Process clause do not attach unless state procedures threaten a protected liberty or property interest. See Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997) ("The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest."). And pursuant to Sandin v. Conner, 515 U.S. 472, 484 (1995), state-created liberty interests protected by the Due Process clause are those which "impose[] atypical and significant hardship[s] on the inmate[s] in relation to the ordinary incidents of prison life." See also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) ("[W]hile, as Sandin noted, prisoners retain constitutional remedies under the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment, the ambit of their potential Fourteenth Amendment due process liberty claims has been dramatically narrowed." (citation omitted)).

Disciplinary segregation, the freedom from which is the

6

liberty interest Underwood identifies, is not so atypical or significant a hardship that a prisoner's freedom therefrom is a protected liberty interest. See Sandin, 515 U.S. at 486 ("We hold that Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."); Orellana, 65 F.3d at 32 ("Sandin itself involved disciplinary segregation, a severe form of prison discipline, yet held that such confinement, 'though concededly punitive, does not present a dramatic departure from the basic conditions of Conner's indeterminate sentence.'" (citing Sandin, 515 U.S. at 485)).

Since Underwood had no protected liberty interest in being free from disciplinary segregation, he cannot state a claim for a deprivation of procedural due process in the disciplinary hearing that resulted in his wrongful conviction for failing to appear for work without a legitimate reason. Underwood's due process claim has no basis in fact or law, as it relies on an indisputably meritless legal theory. The district court did not err, therefore, in dismissing Underwood's action as frivolous and for failure to state a claim. For this reason we affirm, and we therefore need not reach the question of the proper construction of § 1997e.

Because Underwood did not identify a liberty interest cognizable under the Due Process Clause, the district court likewise did not err in denying Underwood's requests to amend his complaint. Underwood's suggested amendments would have been

futile.  See <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 318 (5th Cir. 1998) (recognizing that the futility of an amendment is a substantial reason to deny a request to amend).

Finally, Underwood's contentions regarding his state law claims are not properly before us.  Underwood has not briefed this issue, and he has therefore abandoned any claims he had with respect to these issues.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 224 (5th Cir. 1993); Fed. R. App. Proc. 28(a)(9).  Though Underwood is proceeding <u>pro</u> <u>se</u>, we can only liberally construe the arguments he makes; we cannot construct his arguments from whole cloth.

## IV.    Conclusion

We AFFIRM the district court's holding on the ground that Underwood failed to state a claim upon which relief could be granted.

AFFIRMED.