948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Zerus F. MACK, Plaintiff-Appellant,
v.
Vickie CAMPBELL; Johnny Robertson; Corrections Corporation
of America, Defendants-Appellees,
Gerry Seale; C. Blanchette, Defendants.
 No. 91-5181.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Zerus F. Mack, a former Tennessee state prisoner, requests the appointment of counsel and a transcript at government expense on appeal from a judgment for the defendants following a bench trial before a magistrate judge in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mack brought suit seeking injunctive and monetary relief from defendant Corrections Corporation of America, which operates the Silverdale Detention Center under contract with Hamilton County, Tennessee, and some of its employees. The magistrate found that Mack's claim arose after he refused to take a tuberculosis skin test. Mack told the licensed practical nurse who attempted to administer the test that he had previously been tested for tuberculosis, but he refused to tell her the result of the test. When the nurse tried to resume the screening, Mack became belligerent, hostile, and verbally abusive. He was placed in administrative segregation for five days pending a disciplinary hearing. He was then found guilty of disciplinary violations but was released from administrative segregation based on the five days served.
 
 
 3
 Upon review, we conclude that the facts found by the magistrate were not clearly erroneous. We also conclude that the tuberculosis screening program is reasonably related to the legitimate penological interest of preventing the spread of disease. Cf. Washington v. Harper, 494 U.S. 210 (1990). Because Mack refused to reveal the results of his previous test, the nurse was entitled to proceed with the screening. Contrary to Mack's claims, it was not a violation of Tennessee law or the Constitution for the screening to be undertaken by a licensed practical nurse. Mack's refusal to cooperate and his abusive behavior justified his punishment, and there was no denial of due process. Accordingly, the requests for counsel and a transcript at government expense are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.