United States Court of Appeals,

Fifth Circuit.

No. 96-30415

Summary Calendar.

Roosevelt McCORMICK, Plaintiff-Appellant,

v.

Richard L. STALDER, et al, Defendants,

Clarence Snyder;  Laura Williams, Defendants-Appellees.

Feb. 19, 1997.

Appeal from the United States District Court for the Western District of Louisiana.

Before JONES, DeMOSS and PARKER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant McCormick alleged that many of his constitutional rights were violated when officials of the Louisiana prison system and Phelps Correctional Center in DeQuincy determined he must undergo prophylactic treatment with isonicotinic acid hydrazide (INH) because of a previous positive tuberculosis test.  He alleged violations of his Fourth Amendment right to privacy, Fifth Amendment right against self-incrimination, Eighth Amendment right against cruel and unusual punishment, and Fourteenth Amendment substantive and procedural due process rights.  The magistrate judge to whom this case was assigned properly pared down the potential defendants and claims and eventually recommended dismissing the case as frivolous pursuant to 28 U.S.C. § 1915(d). The district court affirmed, and so do we.

The issues have been narrowed on appeal to whether the prison nurse and superintending doctor violated McCormick's Eighth and Fourteenth Amendment rights by insisting that he undergo INH treatment without his consent. It is undisputed that he previously tested positive for tuberculosis and that, pursuant to a prison policy update in 1993, such medication was required of all inmates who had tested positive.  If inmates are non-compliant, the policy provides that they can be isolated until the Unit Medical Director determines the degree to which isolation is necessary in order to protect

staff and other inmates. PCC Policy and Procedure Memorandum # 108-A, effective August 1, 1993. McCormick alleges that he submitted to medication in order to avoid isolation, that the medical officials did not inform him of the potentially severe risks of accepting INH treatment, and that his consent to treatment was never obtained. McCormick did, however, sign a "Tuberculosis Counseling" form which the nurse had read to him. Further, he was monitored during the course of treatment for active tuberculosis and for side effects, and he complained of no side effects.

A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(d), now redesignated as § 1915(e)(2)(B)(i) by § 804 of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989). This court reviews a § 1915(d) dismissal for abuse of discretion. *Graves v. Hampton,* 1 F.3d 315, 317 (5th Cir.1993).

McCormick's Eighth Amendment claim can only succeed if he has pled that the prison medical officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Id.* at 105-106, 97 S.Ct. at 291-92. *See also, Farmer v. Brennan,* 511 U.S. 825, ----, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994) ("subjective recklessness as used in the criminal law" is the appropriate test for deliberate indifference). Not only did McCormick state at the *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985) hearing that he did not believe that Dr. Snyder or nurse Williams acted with malice or with intent to harm him when they required him to undergo INH therapy, but the undisputed facts, cited above, belie any such contention or inference. The officials monitored his health during the course of treatment to deal with side effects. This claim was properly dismissed as frivolous.

Similarly, the substantive due process claim that McCormick asserts based on *Washington v. Harper,* 494 U.S. 210, 227, 110 S.Ct. 1028, 1039-40, 108 L.Ed.2d 178 (1990), is unfounded. *Harper* established that a prison inmate may be subjected to forced administration of psychotropic

drugs to alleviate mental illness if the inmate posed a danger to himself or others and the treatment was in the inmate's medical interest. Previously, however, the Supreme Court upheld as constitutional a statute requiring all adults to receive a smallpox vaccination. *Jacobson v. Massachusetts,* 197 U.S. 11, 31, 25 S.Ct. 358, 363, 49 L.Ed. 643 (1905). In this case, the prison's interest in preventing the spread of tuberculosis, a highly contagious and deadly disease, is compelling. The interest in preventing the disease includes an interest in providing medical treatment for inmates infected with the disease. The prison policy cited above is a rational means of discharging the prison's duty to prevent tuberculosis; the policy of treating all prisoners who have tested positive for tuberculosis or requiring them to be confined for medical observation for signs of the active disease is legitimate and neutral; the consequences of not following the policy could be disastrous; and finally, there is no apparent alternative system of meeting the described objectives.[1] *Compare Turner v. Safley,* 482 U.S. 78, 89-90, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987) (identifying criteria that must be met if a prison regulation impinges on an inmate's constitutional rights and upholding such regulations as valid if they reasonably relate to legitimate penological interests). As a result, even if McCormick had some substantive due process right not to be forcibly medicated against tuberculosis—for his own benefit as well as that of the prison—the prison's policy was nevertheless constitutional.[2]

---

[1] *See Karolis v. New Jersey Dept. Of Corrections,* 935 F.Supp. 523, 527-28 (D.N.J.1996) (tuberculosis is a more serious threat than it was in the past; a "confined prison setting is precisely the type of environment where TB is likely to spread easily and rapidly"; state has "strong interest" in "diagnosing and treating inmates").

[2] *See Mack v. Campbell,* 948 F.2d 1289, 1991 WL 243569 (6th Cir.1991) (administrative segregation for refusing tuberculosis screening test does not violate due process); *Rhinehart v. Gomez,* 1995 WL 364339, *3-*4 (N.D.Cal.1995) (*Washington v. Harper* justifies prison policy of involuntary testing and treatment for tuberculosis). *See also Karolis v. New Jersey Dept. of Corrections,* 935 F.Supp. 523, 527-28 (D.N.J.1996) (involuntary administration of tuberculosis test to prisoner upheld against challenge under Religious Freedom Restoration Act because there is a compelling state interest in stopping the spread of tuberculosis).

In fact, prison officials face potential liability for failure to take adequate steps to control the spread of tuberculosis. *See Plummer v. United States,* 580 F.2d 72, 76-77 (3d Cir.1978) (inmates have cause of action for emotional distress caused by exposure to tuberculosis); *DeGidio v. Pung,* 920 F.2d 525, 528 (8th Cir.1990) (prison officials liable for damages caused by tuberculosis outbreak).

Finally, McCormick contends that he was entitled to a due process hearing before being forced to undergo the INH treatment or the possibility of isolation with or without forced treatment. He alleges that he was not informed of the potential risks of undergoing and of foregoing the treatment and should have been afforded a second opinion on the need for treatment. In *Harper, supra,* the Supreme Court reviewed and found adequate certain procedural protections afforded an inmate before the state could administer anti-psychotic drugs to him against his will. 494 U.S. at 215-17, 228-36, 110 S.Ct. at 1033-34, 1040-44. The state policy required a medical finding that the inmate had a mental disorder which was likely to cause harm if left untreated and that the medication be prescribed by a psychiatrist and approved by a reviewing psychiatrist. *Id.* at 215, 110 S.Ct. at 1033. A non-compliant inmate was entitled to a hearing with various procedural protections and the right to an appeal and judicial review.

Procedural due process protections are, of course, defined in accordance with the magnitude of the public interests at stake. *Matthews v. Eldridge,* 424 U.S. 319, 347-48, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976). When public safety is an issue, liberty or property interests can be deprived even without a prior hearing. *Hewitt v. Helms,* 459 U.S. 460, 474, 103 S.Ct. 864, 872-73, 74 L.Ed.2d 675 (1983). We again assume *arguendo* that McCormick had some substantive due process right not to receive INH medication without his consent. In this case, prison officials legitimately desired and needed to confront the threat of the spread of tuberculosis in the prison system. Their policy calls for treating all prisoners who have tested positive for tuberculosis in the past. By the terms of the prison policy, McCormick's alternative to voluntarily receiving INH therapy was to receive some form of isolation, followed by a determination of his need to receive the therapy, and possibly, continued isolation. The policy embodied within it the procedural protections that would enable McCormick to avoid treatment only if doing so posed no risk to the institution.[3] McCormick's procedural due

---

[3]McCormick alleged that nurse Williams forced him to take the medication, asserting that he had no alternative but isolation and forced medication. He also asserts that she did not explain the consequences and risks of the tuberculosis policy to him. If either of these assertions is correct, it would appear, as the magistrate judge concluded, that her actions were not in accord with prison policy and were therefore random and unauthorized. For that reason her actions did not violate procedural due process because as the magistrate judge noted, Louisiana provides adequate post deprivation remedies. *Caine v. Hardy,* 943 F.2d 1406, 1413 (5th Cir.1991) (en banc) *cert.*

process rights were not violated by the prison policy.

For these reasons, the complaint was properly dismissed as frivolous.

*AFFIRMED.*

---

*denied,* 503 U.S. 936, 112 S.Ct. 1474, 117 L.Ed.2d 618 (1992) (explaining the *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)/*Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) doctrine).  We agree with this analysis.