**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-41479

(Summary Calendar)
_____

TIMOTHY A AGUILAR,

Plaintiff - Appellant,

versus

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
INSTITUTIONAL DIVISION, Company Departments;
KEITH J PRICE, Warden, Coffield Unit; KENNETH
THOMPSON, Coffield Unit; BERNIE L BUSH,
Coffield Unit; BRENTON W CHADWICK, Coffield
Unit; DONALD CHASTAIN, Coffield Unit; RONALD
HARSHE, Coffield Unit; WILLIAM MEIR, Gang
Intelligence; UNIDENTIFIED KELLY, Officer,
Coffield Unit; OMALIE SIMMONS, Inmate Records;
UNIDENTIFIED WATSON, Officer, Coffield Unit;
TEXAS BOARD OF PARDONS & PAROLE,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Texas
(6:97-CV-188)

_____

July 24, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Timothy A. Aguilar, Texas prisoner # 647166, appeals the 28 U.S.C. § 1915(e)(2) dismissal of his pro se, in forma pauperis 42 U.S.C. § 1983 civil rights action as frivolous.

Aguilar first contends that the magistrate judge erred in determining that he had already raised, in a previous civil rights action, his claim that defendant Chastain entered his cell and confiscated legal materials on April 19, 1995, thereby violating his constitutional right of access to the courts. The magistrate judge dismissed this claim on the basis that it was barred as repetitive of claims raised in a state court lawsuit that had been affirmed in the defendant's favor. Contrary to the magistrate judge's conclusion, however, Aguilar's testimony at a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), reflects that the claim Aguilar previously raised against Chastain involved a September 1995 incident))not this April 19, 1995 incident))and, therefore, should not have been barred as repetitive. Moreover, because Aguilar alleged in his complaint and at the *Spears* hearing that he was prejudiced in a state postconviction action by Chastain's removal of several affidavits, the claim against Chastain is not based on an "indisputably

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

meritless legal theory." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998). We therefore hold that the magistrate judge abused her discretion in dismissing Aguilar's claim that Chastain violated his right of access to the courts in April 1995.

Aguilar next argues that magistrate judge erred in dismissing as frivolous his claim that on October 4, 1995, the driver of a prison van allegedly caused him injuries by suddenly and intentionally braking and his claim that defendants Kelly and Thompson were deliberately indifferent to his serious medical needs resulting from the accident. The magistrate judge concluded first that Aguilar had voluntarily waived both of these claims at his *Spears* hearing and then, alternatively, that Aguilar's pleadings regarding the deliberate indifference claim showed only "an isolated incident of non-remarkable proportions" and, therefore, failed to establish a constitutional violation. Although we find that Aguilar did, in fact, waive his claim regarding the van accident during his *Spears* hearing, we find that Aguilar did not waive his deliberate indifference claim. Nonetheless, because Aguilar failed to connect any named defendant to the denial of medical attention for any serious medical need, s*ee Wesson v. Oglesby*, 910 F.2d 278, 283-84 (5th Cir. 1990), we hold that the magistrate judge did not abuse her discretion in dismissing the claim.

Finally, Aguilar contends that the magistrate judge erred in dismissing his claims that Chastain engaged in a pattern of retaliation for the lawsuits he filed against Chastain and that the Texas Board of Pardon and Paroles denied him parole in retaliation for the lawsuits he has filed against prison officials. Aguilar's allegations were insufficient, however, to show that retaliatory motive was the basis of these defendants' actions. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (requiring that plaintiff produce direct evidence of retaliatory motivation or allege a chronology of events from which retaliation may plausibly be inferred and not rest on conclusory allegations of retaliation). Thus, the magistrate judge did not abuse her discretion in concluding that these claims were frivolous.

Aguilar's remaining claims were either waived at his *Spears* hearing or have been abandoned by his failure to brief them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(6).

For the foregoing reasons, we VACATE and REMAND for further proceedings the magistrate judge's decision with regard to Aguilar's April 1995 access to the courts claim and AFFIRM with regard to all other claims.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.