**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-51017
Summary Calendar

OSCAR L. SHAW,

Plaintiff-Appellant,

VERSUS

GARY PAINTER, Sheriff of Midland County, Texas; VIRGINIA
STRICKLAND, Nurse, Head Nurse at Midland County Detention Center,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas
USDC No. MO-95-CV-243

November 27, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Oscar L. Shaw, Texas prisoner # 646048, filed suit under 42 U.S.C. § 1983 against Gary

Painter, the Sheriff of Midland County Texas, and Virginia Strickland, the head nurse at the Midland

County Detention Center. He alleged that the defendants violated his due process and equal

protection rights by charging, without notice, his inmate account for medical services and prescription

drugs, even though he was indigent. He also alleged that the defendants denied him adequate medical

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

care in violation of the Eighth Amendment.  The district court granted the defendants' motion for a judgment as a matter of law.  Shaw timely filed this appeal.  We affirm.

Shaw first argues that the district court erred by granting the defendants' motion for a judgment as a matter of law.  We review the district court's granting of such a motion *de novo*.[1]  "If the evidence at trial points so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion, [we] will conclude that the motion should have been granted."[2]  Because Shaw has an adequate state postdeprivation remedy for the defendants' alleged unauthorized deduction of funds from his inmate account, he has not stated a claim for a violation of his due process rights.[3]  Shaw has also not adequately established that the defendants violated his equal protection rights, as he has not demonstrated that the defendants' deduction of funds from his inmate account resulted in disparate treatment or purposeful discrimination designed to have an adverse impact on an identifiable group.[4]  The district court therefore did not err by granting the defendants' motion for judgment as a matter of law.

Shaw also argues that the district court erred by dismissing his Eighth Amendment claim without allowing him to amend his complaint.  We review a district court's § 1915 dismissal for an

---

[1]     *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322 (5th Cir. 1994).

[2]     *Id.* at 1323.

[3]     *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).  In the case at bar, the state tort remedy of conversion is available to Shaw.

[4]     *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 559 (1997).

2

abuse of discretion.[5] The Eighth Amendment's prohibition against "cruel and unusual punishment" protects an inmate from improper medical care if the care evidences "deliberate indifference to serious medical needs."[6] Because Shaw did not allege that the defendants delayed or denied him adequate medical care for serious medical needs, the district court did not err in dismissing his Eighth Amendment claim.[7]

Shaw contends also that the district court erroneously denied his motion for a default judgment. We review a district court's denial of a such a motion for an abuse of discretion.[8] We find that the district court did not err by denying his motion: (1) the defendants' default was not willful; (2) the defendants had a meritorious defense; and (3) Shaw would not be prejudiced for he would still have an opportunity to litigate his claim.[9]

Shaw also argues that the district court abused its discretion by refusing to compel the defendants to produce several months of receipts for charges to his inmate account. We review a district court's exercise of discretion regarding discovery orders for an abuse of discretion to the prejudice of a party.[10] There was no abuse of discretion. The district court reviewed the defendants' response and determined that the defendants had conducted a thorough search and could not locate

---

[5] *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). In the instant case, the district court adopted the magistrate judge's recommendation to dismiss Shaw's complaint as frivolous under 28 U.S.C. § 1915(d), now amended as 28 U.S.C. § 1915(e)(2)(B).

[6] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[7] *See Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

[8] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992).

[9] *See id.* at 64.

[10] *Hastings v. North East Ind. Sch. Dist.*, 615 F.2d 628, 631 (5th Cir. 1980).

the documents. In addition, Shaw has not shown that he was prejudiced by the defendants' failure to produce the records.[11]

Shaw also contends that the district judge erred by refusing to recuse himself. We review the denial of a motion for recusal for an abuse of discretion.[12] Shaw did not demonstrate that the district judge had any personal, extrajudicial bias against him.[13] The district court therefore did not err in denying his motion for recusal.

Finally, Shaw argues that the district court rushed him through the presentation of his evidence causing a fundamentally unfair trial. Our review of the record indicates that Shaw had full opportunity to present his case to the trier of fact. The trial was not fundamentally unfair.[14]

AFFIRMED.

---

[11]     *See id.*

[12]     *See United States v. MMR Corp.*, 954 F.2d 1040, 1044 (5th Cir. 1992); *United States v. Harrelson*, 754 F.2d 1153, 1165 (5th Cir. 1984).

[13]     *See MMR Corp.*, 954 F.2d at 1045.

[14]     *See Latiolais v. Whitley*, 93 F.3d 205, 207 (5th Cir. 1996).