IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30805
Conference Calendar

_____

ALLEN JERRY FIELDS, JR.,

Plaintiff-Appellant,

versus

PHILLIP J. BAIERS, Individually and in his official capacity as
Special Agent FBI; JOHN M. TANZA, Individually and in his
official capacity as Special Agent FBI; WILBERT SANDERS,
Individually and in his official capacity as Louisiana State
Trooper,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-969
- - - - - - - - - - -

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Allen Jerry Fields, Jr., federal inmate # 08388-035,

appeals the district court's dismissal of his complaint filed on

May 26, 1998, as frivolous.  His motion for the appointment of

appellate counsel is DENIED.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Fields alleged constitutional violations occurring on May 6, 1992. Fields argues that his claims had not prescribed because he filed his complaint within one year from the date on which he discovered a case that led him to conclude that his rights had been violated. Fields asserts, correctly, that while state law governs the prescriptive or limitations period, federal law governs when the cause of action arises or accrues. See Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). Under federal law, a cause of action accrues "when the plaintiff is in possession of the `critical facts that he has been hurt and who has inflicted the injury,'" not when he discovers the legal basis of his claim. Id. (citations omitted); see Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995) ("A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim."). Accordingly, the district court did not abuse its discretion in determining that Fields' claims are frivolous because they have prescribed. See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

Fields also argues that the district court erred in denying his motion for appointment of counsel. The magistrate judge denied the motion, and Fields did not appeal to the district court. See 28 U.S.C. § 636(b)(1). This court lacks jurisdiction to address the magistrate judge's order denying Fields' motion for appointment of counsel. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

AFFIRMED; MOTION DENIED.