IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41583
Conference Calendar
_____

BENNY HAYES,

Plaintiff-Appellant,

versus

CHARLES ADAMS, M.D.; ADJETEY K. LOMO, M.D.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-403
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Benny Hayes, Texas inmate #825298, challenges the district
court's dismissal as frivolous of his civil rights complaint.
Hayes argues that his complaint has an arguable basis in law, and
he asserts that his allegations demonstrate deliberate
indifference by the defendants.  We have carefully reviewed the
arguments and the appellate record.  We conclude that the
district court did not abuse its discretion in dismissing the

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint as frivolous.  See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).  The medical care alleged by Hayes does not amount to deliberate indifference by the defendants.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Furthermore, Hayes failed to allege more than a mental injury.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Hayes argues that the application of the Prison Litigation Reform Act of 1995 (PLRA) to his complaint violates the Eighth and Fourteenth Amendments.  The argument is not properly before the court.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  Hayes' argument concerning the lack of opportunity to amend his complaint is without merit.  28 U.S.C. § 1915 does not provide such a procedural safeguard.  See Graves v. Hampton, 1 F.3d 315, 318 n.12 (5th Cir. 1993).

Hayes asserts that he should have appointed counsel.  To the extent that he challenges the denial of appointed counsel in the district court, no abuse of discretion is detected.  See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).  To the extent that Hayes is requesting appointed appellate counsel, the appeal fails to present exceptional circumstances warranting such appointment.  See id.

This appeal lacks arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as Hayes' second

strike for purposes of 28 U.S.C. § 1915(g).  We caution Hayes that once he accumulates three strikes, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.