IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40234
Conference Calendar
_____

VICTOR RENARD JORDAN,

                                        Plaintiff-Appellant,

versus

ROY A. GARCIA, Senior Warden II; GEORGE W. MCLARIN;
BARBARA A. TREVINO; LARAYNE SENGBUSCH,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-484
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Victor Renard Jordan, Texas inmate #816506, appeals the
dismissal for frivolousness of his civil rights complaint.  IT IS
ORDERED that Jordan's motion for the appointment of counsel is
DENIED.  See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir.
1982).

     He argues that the TDCJ Garza West Unit operated in
violation of TDCJ housing regulations; he urges the viability of
his failure-to-protect claim; and he contends that he brought a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proper civil rights suit against Warden Roy Garcia. A violation of a prison regulation by prison officials does not give rise, by itself, to a constitutional violation. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Jordan's allegations concerning his failure-to-protect claim failed to demonstrate deliberate indifference toward Jordan by the defendants. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Jordan failed to allege Garcia's personal involvement, and there is no respondeat superior under 42 U.S.C. § 1983. See Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996).

Jordan argues the inadequacy of the medical treatment he received after tear gas was used to quell the alleged riots. Jordan asserted his allegations concerning medical care in a postjudgment motion, and he failed to amend his notice of appeal to include the denial of that motion. Consequently, we lack jurisdiction to consider this argument. See Fed. R. App. P. 4(a); Reeves v. Collins, 27 F.3d 174, 177 (5th Cir. 1994).

We conclude that no abuse of discretion ensued from the dismissal as frivolous of Jordan's complaint. See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

AFFIRMED. MOTION DENIED.