No. 99-20345
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20345
Summary Calendar

_____

WARREN PIERRE CANADY,

Plaintiff-Appellant,

VERSUS

WAYNE SCOTT, Director, Texas Department of Criminal
Justice, Institutional Division; GARY L. JOHNSON, Director
Texas Department of Criminal Justice, Institutional Division;
ED WHITEHEAD; M.B. THALER; R.J. PARKER; C.S. STAPLES;
T. MERCHANT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-970CV-1678
--------------------
March 23, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Warren Pierre Canady, Texas inmate #723784, appeals the district court's dismissal as frivolous of his civil rights complaint. He also challenges the court's sanction which directs the clerk of court to refuse to accept for filing any future complaint of Canady which has not received judicial authorization.

We detect no abuse of the court's discretion in dismissing the complaint as frivolous. See McCormick v. Stalder, 105 F.3d 1059,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1061-62 (5th Cir. 1997). Canady contends that due process requires the prison grievance system to have similar minimum requirements as the due process requirements for inmate disciplinary hearings. See Wolff v. McDonnell, 418 U.S. 539, 562-66 (1974). Canady's argument erroneously presumes the similarity of circumstance between an inmate facing the deprivation of a protected constitutional interest because he violated the prison's rules and an inmate seeking redress concerning some aspect of his confinement. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976).

Canady argues that the district court erred in dismissing his claim concerning the denial of due process in ten disciplinary cases. No constitutional interest was implicated in the disciplinary cases not involving the loss of good-time credit. See Sandin v. O'Connor, 515 U.S. 472, 484 (1995); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). For the two disciplinary cases involving the loss of good-time credit, Canady cannot raise a civil rights claim seeking damages and declaratory relief without first showing that the result of the disciplinary proceedings at issue have been overturned, expunged, or otherwise called into question. Edwards v. Balisok, 520 U.S. 641, 648-49 (1997).

Canady's challenge to the sanction is unpersuasive. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (reviewing sanction for abuse of discretion). The district court did not abuse its discretion by imposing the sanction. See Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994).

Our review of Canady's litigation history, as listed by the magistrate judge in the order to show cause, reveals one case which

amounts to a 28 U.S.C. § 1915(g) strike.  See Canady v. Washington, No. 96-CV-1756 (S.D. Tex. Oct. 29, 1996) (dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).  Our affirmance of the district court's dismissal for frivolousness creates strike two.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

AFFIRMED.