IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40128
Conference Calendar

_____

CHARLES WILLIAM ECKELS,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; UNIDENTIFIED
THIRD SHIFT CAPTAIN; UNIDENTIFIED BUSH,
Captain, Disciplinary Captain; UNIDENTIFIED
SMITH, Counselor; UNIDENTIFIED MOORE,
Assistant Warden; UNIDENTIFIED UPSHAW,
Assistant Warden; KAY SHEELY, Authorized
decision maker Step 2 Grievance; AUTHORIZED
DECISION MAKER STEP 2 GRIEVANCE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-446
- - - - - - - - - -
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles William Eckels, Texas prisoner # 606718, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous under 28 U.S.C. § 1915A. In his amended complaint,

Eckels alleged that his due process rights were violated as a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

result of his being charged with and punished for violating a prison disciplinary rule. Eckels argues that the district court erred in holding that his confinement in punitive segregation for 25 days did not affect a liberty interest because the court did not make factual findings concerning the conditions in the Coffield Unit where he was incarcerated. He contends that the district court abused its discretion by dismissing his complaint without allowing him the opportunity to amend it again to show the conditions in punitive segregation. He asserts that his disciplinary hearing was conducted in an arbitrary and capricious manner, that the hearing officer relied on insufficient evidence, and that the proceeding violated due process.

This court reviews de novo the district court's dismissal of a § 1983 complaint as frivolous under § 1915A. Ruiz v. United States, 160 F.3d 273 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in fact or if it is based on an "indisputably meritless legal theory." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). The district court's denial of a motion to file an amended complaint is reviewed for abuse of discretion. Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

The district court did not abuse its discretion in denying Eckels' request to amend his complaint because Eckels had previously amended his complaint, he did not make this request until after the magistrate judge had issued his report and recommendation, and, most importantly, he proffered only conclusional allegations in support of his request to amend and did not establish a factual basis for an amendment.

Eckels has not shown that he had a protected liberty interest in remaining free of solitary confinement or prehearing detention.  See Sandin v. Connor, 515 U.S. 472 (1995); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996).  Therefore, he could not state a due process claim, and the district court did not err in dismissing his complaint as frivolous.

AFFIRMED.