IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10819
Conference Calendar
_____

ALVIN TODD POINTER,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; JOHN MIDDLETON UNIT, MEDICAL
FACILITY; JIM RUDD UNIT MEDICAL FACILITY; GONZALEZ, Doctor,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-181-BG
- - - - - - - - - -
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Alvin Todd Pointer appeals the magistrate judge's dismissal

with prejudice in part, and the dismissal without prejudice for

failure to exhaust, of his 42 U.S.C. § 1983 claims regarding

medical treatment and work assignment.  In light of his receipt

of physical therapy for five months, surgery on his shoulder, and

reinstatement of medical restrictions, he cannot claim deliberate

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

indifference to his medical needs.  See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).  In fact, he refers to the hospital's "negligence," for which 42 U.S.C. § 1983 relief is unavailable.  Daniels v. Williams, 474 U.S. 327 (1986).

Insofar as Pointer is arguing that his lack of medical restrictions was unconstitutional, this amounts, at most, to a claim of negligence.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Such allegations do not amount to deliberate indifference to his serious medical needs.  Id.  The district court did not err in dismissing Pointer's claims regarding disagreement with his classification.

Pointer's assertion that he filed a grievance refers to the grievance filed in January 2001.  Although it does not mention the hoe squad, the work assignment of which he complained, it does mention work in the fields during the same period.  Assuming that the hoe squad and the fields are the same or related work assignments, the magistrate judge erred in finding that Pointer failed to file any grievances concerning his assignment to the hoe squad prior to June 2001.  Nonetheless, as Pointer has failed to show that prison officials knew that work assignment would significantly aggravate his shoulder condition, he has failed to show a violation of the Eighth Amendment.  Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

Pointer's claim that the missing pages of his medical file was a constitutional violation is frivolous.

This appeal is without arguable merit and is hereby DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  The magistrate judge's dismissal of the present case as frivolous and for failure to exhaust and this court's dismissal of Pointer's appeal as frivolous count as two strikes against him for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(i).  Pointer is hereby warned that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED.