United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-11330
Summary Calendar

APPARAJAN GANESAN,

Plaintiff-Appellant,

versus

MICHAEL D. HOLCOMB,

Defendant-

Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-6
-------------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Apparajan Ganesan, Texas prisoner # 904088, appeals the dismissal of his civil rights action

as frivolous and for failure to state a claim upon which relief can be granted. He contends that the

district court should not have dismissed his complaint summarily because he was not proceeding *in*

*forma pauperis* (IFP). The district court may dismiss a prisoner's civil action upon determining that

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the claims are frivolous or that the prisoner failed to state a claim. See 28 U.S.C. § 1915A(a), (b); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).

Ganesan contends that the district court erred in dismissing his complaint without providing him an opportunity to amend. As the district court allowed him to amend his complaint once and considered his newly-raised and clarified claims presented in his objections to the magistrate judge's report, Ganesan had an opportunity to plead his best case. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Ganesan contends that the district court erred in denying him damages for the loss or destruction of his eyeglasses. An intentional or negligent taking of a prisoner's property survives a due process challenge if, as here, an adequate postdeprivation remedy exists. See Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Ganesan contends that he is entitled to relief because he was denied dental and vision care from the Texas Department of Criminal Justice while he was released on a "bench warrant" and for one year after his return to prison. Because he did not present this claim in the district court, this court will not consider it for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Ganesan maintains that the district court erred in denying relief on his assertion that defendant Holcomb interfered with his medical treatment. He has not alleged that he suffered serious harm resulting from the loss of his glasses. See Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

Ganesan maintains that he was entitled to relief based on injuries suffered during his jury trial as a result of the loss of his glasses. If Ganesan was not convicted in that trial, he did not suffer a loss of life or property sufficient to invoke the Due Process Clause. See U.S. CONST. amend XIV, § 1. If Ganesan was in fact convicted, he may not challenge the validity of his criminal trial until he has shown that the conviction was reversed or expunged. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Ganesan has not established that the district court erred in dismissing his 42 U.S.C. § 1983 action. See Ruiz, 160 F.3d at 275. Consequently, the judgment of the district court is AFFIRMED.