United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41175

_____

KEITH ALBERT SHAFER,

Plaintiff-Appellee,

versus

EDUARDO CARMONA, Warden; ET AL,

Defendants,

EDUARDO CARMONA, Warden,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(No. M-99-CV-323)

_____

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eduardo Carmona ("Warden Carmona" or "warden"), the warden of the Segovia Unit of the Texas Department of Criminal Justice, Institutional Division, appeals the district court's denial of his motion for summary judgment based on qualified immunity. We reverse.

## I. FACTS AND PROCEEDINGS

In this 42 U.S.C. § 1983 case, Plaintiff-Appellee Keith Albert

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shafer ("Shafer") alleges that Warden Carmona was deliberately indifferent to his serious medical needs. Shafer sustained a fractured wrist when he was assaulted by another inmate during what Shafer describes as a racially-motivated altercation. He was immediately transported to a local hospital, where his wrist was splinted.[1] On a standard "patient post-care instruction" form, Shafer's treating physician recommended that he "call and make an appointment with [his] family physician within one day[]." Shafer alleges that the emergency room doctor also recommended surgery "at that time" but that unnamed "prison officials" insisted he return to the Segovia Unit.

On his return to the Segovia Unit, Shafer was examined by prison medical personnel, and a prison doctor prescribed pain medication, apparently without examining Shafer. A physician's assistant examined Shafer again the next day, and he was treated by prison medical staff again two days later. Five days after that, he complained of pain and was examined by a prison doctor who recommended immediate transfer for surgery. Shafer was transferred to the University of Texas Medical Branch and underwent orthopedic surgery the following day — a total of nine days after the original incident.

---

[1] The record does not conclusively establish how Shafer's arm was immobilized (i.e., in a cast or splint). Shafer has maintained that the arm was merely placed in a splint, but his medical records alternately reference a "splint" and a "cast." This minor factual discrepancy has no bearing on the result of this appeal.

In the meantime, prison personnel expressed concern that Shafer was not safe in his current unit, as he would not be able to defend himself if involved in another physical conflict. A memo (or email) sent to another prison official over the warden's name,[2] explained that Shafer had been attacked by another prisoner and had "received preliminary care at our local free world hospital and is pending a transfer to a TDCJ-ID Medical Facility for follow up care." The memo recommended that Shafer "not be returned to his unit upon completion of his medical treatment."

Shafer filed suit, pro se, alleging, inter alia, that the nine-day delay in treatment evidences Warden Carmona's "deliberate indifference" to Shafer's serious medical needs. According to Shafer, as a result of his injuries he has suffered physical pain and mental anguish, endured multiple surgeries, and lost the use of his left wrist. The matter was referred to a magistrate judge who appointed counsel for Shafer. The warden filed a motion for summary judgment, arguing, in pertinent part, that he was entitled to qualified immunity because he had no personal involvement in Shafer's treatment and because Shafer had failed to establish an Eighth Amendment violation.

After briefing, the magistrate judge issued a report recommending that the motion be granted with respect to all of

---

[2] The memorandum indicates that it was sent by an administrative assistant, under the "authority" of Warden Carmona. For purposes of this appeal, we assume the memorandum was authored by Warden Carmona, as Shafer maintains.

Shafer's claims, with the exception of the deliberate indifference claim against Warden Carmona. Over the warden's objection, the district court adopted the recommendation of the magistrate judge and denied Warden Carmona's motion for summary judgment on Shafer's deliberate indifference claim. Warden Carmona timely appealed.

## II. LAW & ANALYSIS

### A. Jurisdiction

A district court's order denying qualified immunity is immediately appealable if based on a conclusion of law.[3] We have interlocutory jurisdiction to "take, as given, the facts that the district court assumed when it denied summary judgment and determine whether these facts state a claim under clearly established law."[4]

### B. Standard of Review

We review a grant of summary judgment de novo, applying the same standard as the district court.[5] A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact.[6] An issue is material if its resolution

---

[3] Palmer v. Johnson, 193 F.3d 346, 350 (5th Cir. 1999).

[4] Nerren v. Livingston Police Dep't, 86 F.3d 469, 472 (5th Cir. 1996)(internal quotations omitted).

[5] Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[6] Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4

could affect the outcome of the action.[7]  In deciding whether a fact issue has been created, we view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[8]  The nonmoving party, however, cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence.[9]

## C.    Qualified Immunity

Qualified immunity "shields a state official from personal liability for damages under 42 U.S.C. § 1983 when the official's exercise of discretionary authority results in a violation of an individual's federal constitutional or statutory rights, unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded."[10]  The bifurcated test for qualified immunity requires examination of (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct

---

[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[8] See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

[9] Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[10] Palmer, 193 F.3d at 351 (internal quotations omitted); see also Austin v. Johnson, 328 F.3d 204, 207 (5th Cir. 2003)(explaining that "[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation")(quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

was objectively unreasonable in the light of the clearly established law at the time of the incident.[11]

In this case, Shafer alleges that he was denied adequate medical care in violation of the Eighth Amendment.[12] To establish this threshold Eighth Amendment violation, Shafer must demonstrate that Warden Carmona was "deliberately indifferent to his serious medical needs."[13] Deliberate indifference is "an extremely high standard"[14] that encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[15] Negligent medical care does not give rise to a § 1983 claim, and a delay in medical care is actionable only "if there has been deliberate indifference, which results in substantial harm."[16]

The Supreme Court has adopted a subjective standard for deliberate indifference. "[A] prison official cannot be found

---

[11] Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001).

[12] See Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999)(explaining that the "cruel and unusual punishments" clause of the Eighth Amendment "has been interpreted to mandate the provision of medical care to [prisoners]").

[13] McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)(citing Estelle v. Gamble, 429 U.S. 97, 100 (1976)). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal citation omitted).

[14] Domino, 239 F.3d at 756.

[15] McCormick, 105 F.3d at 1061.

[16] Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

6

liable under the Eighth Amendment...unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[17] In short, deliberate indifference requires a "showing that the official was <u>subjectively</u> aware of the risk"[18] of serious harm.

This "extremely high," subjective standard has not been met in the instant case. The magistrate judge's recommendation that Warden Carmona's motion for summary judgment be denied was based exclusively on the memo, purportedly sent by the warden, relating that Shafer had been attacked, had been treated at a local hospital, and was awaiting transfer to the medical branch. From this memo, the magistrate judge deduced that the warden was aware that Shafer had been instructed to make a doctor's appointment within one day but nevertheless delayed treatment for nine days.

Whether the warden knew of the emergency room doctor's generic directive is immaterial to our qualified immunity determination. To prevail on his deliberate indifference claim, Shafer must "raise genuine issues as to facts which, if true, would clearly evince the

---

[17] <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>see</u> <u>also</u> <u>Lawson v. Dallas County</u>, 286 F.3d 257, 262 (5th Cir. 2002)("The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it.").

[18] <u>Id.</u> at 829 (emphasis added).

medical need in question and indicate that the denial of treatment was much more likely than not to result in serious medical consequences, and <u>additionally</u> that the defendant[] had <u>sufficient knowledge of the situation</u> so that the denial of medical care constituted wanton disregard"[19] of his rights. Even when we assume, <u>arguendo</u>, that the warden personally authored (or even was aware of) the memo, it establishes at most that the warden had knowledge of (1) the original altercation; (2) Shafer's treatment at a local hospital; and (3) the fact that Shafer was awaiting transfer for further treatment. There is no record evidence indicating that the warden <u>knew</u> that Shafer was in need of immediate surgery or that a delay in treatment was likely to lead to serious medical consequences.

Shafer has failed to establish a genuine issue of material fact regarding his Eighth Amendment claim of deliberate indifference against Warden Carmona. He has "submitted no evidence that [the warden has] ever refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[20] Although Shafer alleges that the emergency room doctor recommended immediate surgery <u>and</u> that Warden Carmona was aware of this medical need, he points to no medical records or other

---

[19] <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir. 1985)(emphasis added).

[20] <u>Johnson</u>, 759 F.2d at 1238.

evidence to support his contention; and our independent review of the record reveals none. As Shafer has not demonstrated a violation of a clearly established constitutional right, we do not reach the issue of the objective reasonableness of Warden Carmona's conduct and conclude that the warden is entitled to qualified immunity.

### III. CONCLUSION

For the foregoing reasons, we reverse the district court's denial of Warden Carmona's motion for summary judgment and remand for entry of judgment consistent with this opinion.

REVERSED and REMANDED.