United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50191
Summary Calendar

CHARLES RAYMOND LEE, JR.,

Plaintiff-Appellant,

versus

JIM WILSON, Sheriff Williamson County; GEORGE DECKARD, Jailor
Williamson County Jail,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-773
---------------------

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Charles Raymond Lee, Jr., Texas prisoner # 904078, filed a
pro se 42 U.S.C. § 1983 lawsuit against Deckard and Sheriff Jim
Wilson, in their individual and official capacities.  After the
district court dismissed Lee's case on summary judgment, Lee
timely filed a notice of appeal.

Lee appeals the dismissal of his claims that Deckard
violated his constitutional rights by using excessive force and
denying him medical treatment.  This court reviews de novo a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's order granting a party's summary-judgment motion.  Whittaker v. BellSouth Telecomms., Inc., 206 F.3d 532, 534 (5th Cir. 2000); see also FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Lee's excessive force claim was based on his allegation that he suffered a "busted lip" that bled when Deckard closed a portal door through which food is passed.  Lee further described his lip injury as the kind that might be incurred in a basketball game, and he alleged that he suffered headaches as a result of his injury.  Crediting Lee's allegations as true under the summary judgment standard, we affirm the dismissal of his excessive force claim because Lee's injury was de minimis in the context given that Deckard's closing of the portal door was a reasonable attempt to maintain order in response to Lee's complaints.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001); see also Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (pretrial detainee case).

Lee also appeals his claim that he was denied medical care for his injured lip.  Given the circumstances, the district court correctly entered summary judgment for the defendants because Lee's injury was de minimis and their conduct was not "'repugnant to the conscience of mankind.'"  Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999) (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)); see also Hare, 74 F.3d at 639, 648.

Lee has moved for appointment of counsel, arguing that appointment of counsel is needed in order to obtain records, interview witnesses, and investigate Lee's claims.  Lee has not shown exceptional circumstances, and his request for appointment of counsel is denied.  <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED; MOTION DENIED.