# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2011

No. 10-50618
Summary Calendar

Lyle W. Cayce
Clerk

LESTER B. THOMPSON, JR.,

Plaintiff - Appellant

v.

ANICETO DE LA PUERTA DOMINGUEZ; MELVIN WRIGHT; DONNA COALSTON,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CV-218

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lester B. Thompson, Jr., Texas prisoner # 766928, moves for leave to appeal in forma pauperis (IFP) from the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim on which relief may be granted. Thompson's motion to proceed IFP is construed as a challenge to the district court's certification that the appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). This court asks only whether the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50618

appeal involves legal points that are not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Thompson alleges that the defendants were deliberately indifferent to his serious medical needs because they knew he was in pain and at risk of serious injury because of an ankle injury but allowed him to be removed from work restriction. A plaintiff states a cause of action under the Eighth Amendment when he alleges that a defendant has, with deliberate indifference, exposed him to a sufficiently substantial risk of serious damage to his future health. *Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citation omitted). Nothing in Thompson's allegations, either in the district court or on appeal, suggests that the prison officials wantonly inflicted pain on him in their response to his injury.

Thompson has failed to show that his proposed appeal involves any nonfrivolous issue. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, his appeal is dismissed. *See* 5th Cir. R. 42.2.

The dismissal in the district court and the dismissal of this appeal both count as strikes under Section 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Thompson is warned that if he accumulates a third strike under Section 1915(g) he will not be allowed to proceed IFP in any civil action while incarcerated or detained unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.