# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2016

Lyle W. Cayce
Clerk

TIMOTHY E. ROBERTSON,

Plaintiff-Appellant

v.

ALLEN CORRECTIONAL CENTER,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-448

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timothy E. Robertson, Louisiana prisoner # 92760, appeals the dismissal of his 42 U.S.C. § 1983 complaint, which the district court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. Robertson argues that the Allen Correctional Center (ACC) medical staff violated his Eighth Amendment rights by being deliberately indifferent to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30359

medical needs when he contracted a staph infection.  He has also filed a motion for the appointment of counsel.

An action may be dismissed if it is frivolous or malicious or fails to state a claim.  *See* § 1915(e)(2)(B)(i), (ii).  This court will apply the de novo standard of review.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Robertson makes no argument challenging the district court's determination that the ACC, the sole defendant named by Robertson, is not a juridical entity that is amenable to suit.  He has thus abandoned this issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Moreover, even if Robertson had sued a proper defendant, he fails to state a claim that ACC officials and medical staff acted with the requisite level of subjective intent to cause harm, as his disagreement with the medical care that he received does not rise to the level of a deliberate indifference claim.  *See Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

This appeal is frivolous and is therefore DISMISSED.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal and the dismissal of this appeal count as two strikes for purposes of § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-63 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996).  Robertson is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g). Robertson's motion for appointment of counsel is DENIED.