**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 13, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-41200

---

RANDALL GUINN HASTY

                    Plaintiff - Appellant

v.

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; ANANDA BABBILI, Physician
Assistant, Texas Department of Criminal Justice; WILBUR
DIXON, Physician Assistant, Texas Department of Criminal
Justice-Institutional Division; LANNETTE LINTHIEUM, Division
Director for Health Services; MONTE SMITH, M.D., Northern
Regional Medical Director; DOUGLAS KIDD, LVN, Gurney Unit;
SANDRA EMSOFF

                    Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Texas, Tyler
No. 6:03-CV-57

---

Before KING, Chief Judge, and BARKSDALE and PICKERING, Circuit
Judges.

PER CURIAM:[*]

    Randall Guinn Hasty, a Texas prisoner, appeals the district

court's dismissal of his 42 U.S.C. § 1983 suit.  We affirm.

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

Hasty suffers from gastroesophageal reflux disease, for which (he says) the proper treatment is the prescription medication Prevacid. Instead of providing him Prevacid, however, Hasty alleges that prison medical personnel repeatedly prescribed either nothing or less expensive--and, in Hasty's view, less efficacious--alternative drugs, e.g., antacids or Zantac. He maintains that the prison staff dispensed Zantac instead of Prevacid solely because Zantac was cheaper. Approximately one year after Hasty entered the Texas prison system, a specialist at John Sealy Hospital in Galveston diagnosed Hasty with a "grade 3" ulcer. Hasty then was prescribed and began receiving Prevacid in its generic form, lansoprazole. Hasty contends that the failure of the prison medical staff to prescribe Prevacid earlier caused him to develop the ulcer. In addition, he avers that, before receiving lansoprazole, he endured pain and vomited blood.

Seeking damages for the delay in prescribing Prevacid, Hasty filed a pro se complaint against several medical professionals at the Gurney Unit of the Texas Department of Criminal Justice, along with other officials in the Texas prison system. The district court referred Hasty's suit to a magistrate judge, and Hasty later consented to having the magistrate judge conduct all proceedings in his case. See 28 U.S.C. § 636(c). The magistrate judge granted Hasty's motion to proceed in forma pauperis, withheld service of process on the defendants, and stayed discovery. As part of the judicial screening process required by

2

28 U.S.C. § 1915A(a), the magistrate judge held an evidentiary hearing in accordance with Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

The magistrate judge subsequently determined that Hasty had failed to state a claim for which relief could be granted and that his suit was frivolous.  She relied on two alternative holdings.  First, she concluded that Hasty had failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Although Hasty completed the grievance process at the Gurney Unit, neither of his grievance forms specifically named any of the defendants in this suit.  In the view of the magistrate judge, the Prison Litigation Reform Act's exhaustion requirement demands that a prisoner exhaust administrative remedies with respect to each defendant that he intends to sue by naming that defendant in his grievance.[1]  Second, the magistrate held that the facts alleged by Hasty did not support a potentially meritorious constitutional claim.  She explained that, while the prison medical professionals may not have prescribed the most

---

[1]  After Hasty drafted his complaint but before it was filed, the Texas Department of Criminal Justice transferred him from the Gurney Unit to the Coffield Unit.  At the Spears hearing, Hasty reported that medical personnel at the Coffield Unit had discontinued his lansoprazole regime.  But Hasty's appellate brief indicates that, at the time it was filed, Hasty was receiving lansoprazole without difficulty.  In addition, Hasty concedes that any claims against medical personnel at the Coffield Unit (which were added at the Spears hearing) are unexhausted.  See Hasty Br. at 24 n.6.  We therefore affirm the dismissal of the Coffield defendants for failure to exhaust administrative remedies.

effective treatment, they did not exhibit deliberate indifference to his serious medical needs. Accordingly, the magistrate judge dismissed Hasty's action with prejudice under § 1915A(b)(1). Hasty appeals, challenging both bases for the judgment and asserting that he should have been permitted to amend his complaint.

Dismissals for failure to state a claim under § 1915A are reviewed de novo, Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999), and we review a district court's determination that a case is frivolous under § 1915A for abuse of discretion, Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). A complaint fails to state a claim for which relief can be granted "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (citation and internal quotation marks omitted).

Hasty contends that the magistrate judge erred in concluding that his complaint does not allege an actionable claim under the Eighth Amendment. In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Id. at 104 (citation omitted). But the Court cautioned that

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

4

Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. <u>In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.</u> It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

<u>Id.</u> at 106 (emphasis added); <u>accord</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" (citing <u>Gamble</u>, 429 U.S. at 103-04)) (dictum). Furthermore, a prison official is deliberately indifferent to a prisoner's serious medical needs only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (per curiam) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).

In this case, we are constrained to agree with the magistrate judge that the conduct alleged by Hasty does not amount to deliberate indifference to his serious medical needs. For the most part, prison medical personnel attempted to treat his condition, and on multiple occasions, they referred him to specialists at John Sealy Hospital. While the medical treatment Hasty received was not perfect, his allegations do not reach the

5

level of severity displayed in the examples of deliberate indifference offered by the <u>Gamble</u> Court. <u>See</u> 429 U.S. at 104 n.10 (stating that deliberate indifference could be exhibited by, e.g., a "doctor's choosing the easier and less efficacious treatment of throwing away the prisoner's ear and stitching the stump" or the "injection of penicillin with knowledge that prisoner was allergic, and refusal of doctor to treat allergic reaction" (citations and internal quotation marks omitted)).

Hasty relies on <u>Murrell v. Bennett</u>, 615 F.2d 306 (5th Cir. 1980), where (he claims) we held that "a prison doctor's failure to provide the proper medical treatment for ulcers can state a constitutional violation." Hasty Br. at 17. His description of the case is inaccurate, however. In <u>Murrell</u>, the prisoner alleged that the prison medical staff permitted him to pass and to vomit blood for over two-and-a-half hours before he was transported to a hospital. <u>Id.</u> at 307-08. He was discharged from the hospital with specific instructions to receive Tagamet for his bleeding ulcer and to be put on a special diet. <u>Id.</u> at 308. He averred that prison personnel refused to provide him with either, and he further alleged that he was denied another medication prescribed to him for a urological condition. <u>Id.</u> The defendants in <u>Murrell</u> sought summary judgment and offered a distinct version of the facts, in which there was no delay in taking the plaintiff to the hospital and he was given a substitute medication while the prescribed ulcer drug (which was

6

not stocked in the town) was ordered for him.  Id. at 308-09.  We reversed the district court's grant of summary judgment because there existed genuine factual disputes about whether the prison officials had ignored the plaintiff before getting him to the hospital and whether those officials had denied him the drugs prescribed for him.  Id. at 309-10.

Thus, in Murrell, we rejected the defendants' attempt to obtain summary judgment based on their own version of the disputed facts.  See 615 F.2d at 310 ("Although [the defendants] urge that their allegations prove conclusively that Murrell does not have a cause of action, in reality their allegations highlight the disputed factual issues here.").  Here, by contrast, the magistrate judge accepted as true Hasty's factual allegations and nonetheless held that they failed to support a cognizable claim for relief.[2]  As in Gamble, Hasty's own complaint demonstrates the absence of deliberate indifference to

---

[2]     Hasty also criticizes the magistrate judge's reliance on the (apparently unsworn) Spears-hearing testimony of a prison nurse that Zantac was an appropriate medication to treat his condition.  We recognize that this type of conduct by the magistrate judge is a problematic use of the time-saving device of a Spears hearing.  See Wilson v. Barrientos, 926 F.2d 480, 483 (5th Cir. 1991) (explaining that witnesses at a Spears hearing should be sworn and appropriate cross-examination should be allowed).  Nevertheless, we conclude that the magistrate judge's error was harmless.  Hasty does not allege that Zantac was wholly ineffective or counterproductive--as if, for example, he had been given aspirin.  Rather, he asserts that Prevacid would have worked better than Zantac and may have prevented his ulcer.  The magistrate judge accepted as true Hasty's averments that he did not receive the most effective medication for his ailment.

7

serious medical needs; he has not alleged treatment constituting cruel and unusual punishment.  See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997) ("Deliberate indifference [to serious medical needs] encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."); see also Gamble, 429 U.S. at 107 (stating that the decision whether additional forms of treatment are indicated "is a classic example of a matter for medical judgment"); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) ("Unsuccessful medical treatment does not give rise to a § 1983 cause of action.  Nor does '[m]ere negligence, neglect or medical malpractice.'" (citations omitted)).[3]

Additionally, Hasty's contention that the magistrate judge abused her discretion by dismissing his suit without first providing him the opportunity to amend his complaint does not warrant reversal.  To be sure, as Hasty points out, we have said that a district court should give a plaintiff notice or an opportunity to amend before dismissing his complaint for failure to state a claim under a different but similarly worded section of the Prison Litigation Reform Act.  See Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).  But our review of

---

[3]    While we agree that the dismissal for failure to state a claim was proper, we are reluctant to conclude that Hasty's claim is based on an indisputably meritless legal theory (the standard for legal frivolousness, Berry, 192 F.3d at 507) and we thus hold that the magistrate judge erred in determining that Hasty's suit was frivolous.

8

the Spears-hearing transcript in this case shows that the topic of an amendment was raised and that the magistrate judge correctly counseled Hasty that an amendment was unnecessary, as his statements at the hearing are considered part of his pleadings. See Eason v. Holt, 73 F.3d 600, 602-03 (5th Cir. 1996). We perceive no abuse of discretion in the magistrate judge's disposition of Hasty's suit. Cf. Graves v. Hampton, 1 F.3d 315, 318-19 (5th Cir. 1993) (stating that a district court does not abuse its discretion in dismissing a prisoner's suit as frivolous under a previous version of the federal in forma pauperis statute, 28 U.S.C. § 1915, without allowing an opportunity to amend if the prisoner has been afforded the chance to expound on his factual allegations at a Spears hearing and still has not asserted an arguable claim).

Accordingly, we affirm the district court's judgment.[4]

AFFIRMED.

---

[4] Because we affirm the district court's judgment on the merits, we need not reach the question whether Hasty appropriately exhausted his administrative remedies, except with respect to those defendants discussed in footnote 1 supra. 42 U.S.C. § 1997e(c)(2).