# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2018

Lyle W. Cayce
Clerk

No. 17-30494

MITCHELL STEVENS,

Plaintiff-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY;
CHAD MANSINNI, Warden; TROY PORET, Warden; UNKNOWN DUPONT,
Warden; ORVILLE LAMARTIANEER, Warden; UNKNOWN CRUZ, Colonel;
UNKNOWN ROBINSON, Colonel; CHAD ORBRA, Lieutenant Colonel;
SHELTON SCALES, Major; WILLIAM ROSSO, Captain; MAGAN SHIPLEY,
Class. Officer; UNKNOWN FAIRCHILD, Class. Officer; UNKNOWN
BOUDROUX, Sec. Officer Staff Sergent; UNKNOWN PIGEON, Lieutenant;
SHERWOOD PORET, Registered Nurse; MELANIE BARTON, Registered
Nurse; JAMES LABLANC, Sec.; ALL WHO ADMINISTER SHOTS SINCE
2002; AMY ZAUNBRACHER, Registered Nurse,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-204

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30494

Mitchell Stevens, Louisiana prisoner # 78189, has filed a motion for leave to proceed in forma pauperis (IFP) in an appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C §§ 1915(e) and 1915A.  His IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

In his complaint, Stevens challenged the prison's policy of annually performing a test for tuberculosis (TB test) on all inmates.  He complained that because he refused to be tested, he was subject to harassment, threats of physical force, and unwarranted disciplinary action, and he contended that he was ultimately tested against his will in violation of the First Amendment, the Double Jeopardy Clause, and the Eighth Amendment prohibition against cruel and unusual punishment.

The gist of Stevens's argument is that the district court erred in dismissing his claims prior to the defendants' raising defenses that were relied upon by the district court in dismissing the complaint as frivolous or for failure to state a claim.  A review of his complaint reflects that the district court did not err in dismissing claims against the defendants in their official capacity for monetary damages.  *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Further, the district court could determine, based on a review of the complaint, that the defendants' action of compelling Stevens to undergo TB testing was in accord with a legitimate penological interest and, thus, was not unconstitutional.  *See McCormick v. Stalder,* 105 F.3d 1059, 1060-62 (5th Cir. 1997).

Stevens has not shown that he will present a nonfrivolous issue on appeal.  *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly,

No. 17-30494

we deny his motion for leave to proceed IFP and dismiss the appeal as frivolous. *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

This dismissal and the district court's dismissal of the complaint each count as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). This court imposed another strike in *Stevens v. Cain*, No. 13-30288 (5th Cir. Oct. 8, 2013). Because he has accumulated at least three strikes under § 1915(g), Stevens is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.